[Cite as *State v. Mincy*, 2019-Ohio-2272.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                           :

    Appellee,                           :          CASE NO. CA2018-06-119

    - vs -                              :          O P I N I O N
                                          6/10/2019

                                            :

ELIJAH LEE MINCY,                        :

    Appellant.                          :

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2017-06-0928

Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Lorraine McBride Search, 6 South Second Street, #309, Hamilton, Ohio 45011, for appellant

**PIPER, J.**

{¶ 1} Appellant, Elijah Mincy, appeals his sentence in the Butler County Court of Common Pleas after pleading guilty to rape and kidnapping.

{¶ 2} Together with his codefendants, Rodney Gibson and Roger Simpson, Mincy raped the victim, "B.H.," multiple times after a party at a nearby apartment. Gibson, Simpson, and Mincy took turns raping the victim over the course of an hour and a half.

Specific to Mincy, he forced the victim to engage in fellatio with him and digitally penetrated the victim's vagina and anus.

{¶ 3} B.H. went to the hospital after she was able to leave the apartment, where she was diagnosed with multiple vaginal and anal lacerations. She was administered numbing medication to address her physical pain from the repeated rapes.

{¶ 4} After the police investigation, Mincy was charged with 23 counts, including rape, sexual battery, kidnapping, complicity to rape, and complicity to sexual battery. Mincy plead guilty to one count of rape and one count of kidnapping, and the state dismissed the other charges.

{¶ 5} The trial court ordered a presentence-investigative report ("PSI") and later sentenced Mincy to eight years after merging the convictions for purposes of sentencing. Mincy now appeals the trial court's decision, raising the following assignment of error:

{¶ 6} THE SENTENCING RECORD FAILS TO SUPPORT THE EIGHT YEAR SENTENCE WHICH THE TRIAL COURT GAVE APPELLANT.

{¶ 7} Mincy argues in his assignment of error that the trial court improperly sentenced him because the record does not support the court's sentence.

{¶ 8} An appellate court reviews the imposed sentence according to R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Id.* at ¶ 10. Rather, R.C. 2953.08(G)(2) provides that an appellate court can modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.

{¶ 9} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C.

2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is either contrary to law or unsupported by the record. *Marcum* at ¶ 7.

{¶ 10} After reviewing the record, we find the trial court's sentence is not contrary to law. Mincy pled guilty to rape, a first-degree felony according to R.C. 2907.02(A)(2). According to R.C. 2929.14(A)(1), the proper sentencing range for a felony of the first degree is three to 11 years. As such, Mincy's eight-year sentence is within the relevant statutory range. The trial court also noted in its sentencing entry and during the sentencing hearing that it had considered the purposes and principles of sentencing according to R.C. 2929.11 and the seriousness and recidivism factors according to R.C. 2929.12. The trial court also properly imposed postrelease control. Therefore, the sentence is not clearly and convincingly contrary to law.

{¶ 11} We also find that the sentence is supported by the record. Mincy fully admitted to kidnapping and raping the victim multiple times, along with two other men, over a period of one and a half hours. During this time, Mincy forced the victim to participate in oral sex with him and also penetrated her vagina and anus with his fingers. Mincy also restrained the victim so that the others could rape her vaginally and anally.

{¶ 12} The victim suffered several physical injuries, as noted above, and also reported within her victim impact statement the significant psychological impact caused by the rapes. During sentencing, the victim spoke and indicated that since the rapes, she had to withdraw from college because of her mental distress, has experienced extreme night terrors, and has become suicidal.

{¶ 13} While Mincy may not have had a significant criminal history, that fact does not eliminate or lessen in any way the violence of his rapes or the severe physical and emotional toll on the victim.

{¶ 14} After reviewing the record, we find that Mincy's sentence is not clearly and convincingly contrary to law and is otherwise supported by the record. As such, his single assignment of error is overruled.

{¶ 15} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.